GLD-390                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2784
_____

LISA MARIE OSTUNI,
Appellant

v.

WA WA'S MART; PAULINE COUNTERMAN; OFFICER PAUL DUFFY
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 3:12-cv-00714)
District Judge: Honorable Richard P. Conaboy

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 15, 2013

Before: FUENTES, FISHER and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 22, 2013)
_____

OPINION
_____

PER CURIAM

Pro Se Appellant Lisa Marie Ostuni appeals an order of the United States District

Court for the Middle District of Pennsylvania dismissing her complaint under 28 U.S.C. §

1915(e) and denying her motion for reconsideration. We have jurisdiction pursuant to 28

U.S.C. § 1291 and exercise plenary review over the District Court's order. See Allah v.

Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review a District Court's denial of

reconsideration for abuse of discretion. Max's Seafood Cafe v. Quinteros, 176 F.3d 669,

673 (3d Cir. 1999). Because the appeal does not present a substantial question, we will

summarily affirm the judgment of the District Court. See 3d Cir. L.A.R. 27.4; I.O.P.

10.6.

Ostuni filed a pro se civil rights action pursuant to 42 U.S.C. § 1983 on April 17,

2012, arising from a September 4, 2009, incident during which she was arrested at a

WaWa Convenient Mart by Officer Paul Duffy of the Stroudsburg Police Department.

Ostuni was convicted of aggravated assault and sentenced to a maximum term of

imprisonment of 18 months at the Monroe County Correctional Facility.[1] The allegations

of the complaint are difficult to discern, but a Magistrate Judge construed Ostuni's

complaint as raising a Fourth Amendment false arrest and excessive force claim

regarding her September 4, 2009 arrest and recommended that Ostuni's complaint be

dismissed with prejudice.[2] By order entered June 13, 2012, the District Court dismissed

Ostuni's complaint with prejudice, except to the extent that her false arrest claim against

---

[1] At the time the District Court issued its opinion, Ostuni had fully served this sentence and she was incarcerated at SCI-Cambridge Springs, serving an unrelated sentence of two to six years for her guilty plea following charges of homicide by vehicle while driving under the influence and related offenses stemming from a June 2009 incident.

[2] While Ostuni's complaint fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure, affording Ostuni with the liberal construction we must give to pro se pleadings, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we agree with the District Court that Ostuni's complaint can be construed to assert claims for false arrest and excessive force.

one of the defendants could be raised if her conviction were ever overturned or invalidated. The District Court ordered the Clerk to close the case. On July 13, 2012, Ostuni filed a motion for reconsideration, which the District Court denied on July 23, 2012. On September 27, 2012, the District Court denied Ostuni's motion for extension of time to appeal. We vacated that decision and remanded the case to the District Court to analyze whether the neglect in filing an untimely appeal was excusable under the standard set forth in Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship, 507 U.S. 380 (1993). See Ostuni v. WaWa's Mart, No. 12-3871, 2013 WL 1122706 (3d Cir. Mar. 19, 2013). Thereafter, the District Court issued a Memorandum holding that there was excusable neglect for not timely filing an appeal under Pioneer and, therefore, granted the motion for extension of time. We now consider the District Court's dismissal of Ostuni's § 1983 action and the denial of her motion for reconsideration.[3]

Here, the District Court did not err in dismissing the complaint without providing Ostuni with an opportunity to amend her complaint, because any such amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002). If the allegations, taken as true, show that relief is barred by the applicable statute of limitations, a complaint is subject to dismissal for failure to state a claim. See Jones v. Bock, 549 U.S. 199, 215 (2007); see also, e.g., Bethel v. Jendoco Constr. Corp., 570 F.2d 1168, 1174 (3d Cir. 1978). Although the running of the statute of limitations is ordinarily

---

[3] An appeal from a denial of a motion for reconsideration also "brings up the underlying judgment for review," Fed. Kemper Ins. Co. v. Rauscher, 807 F.2d 345, 348 (3d Cir. 1986).

an affirmative defense, where that defense is obvious from the face of the complaint and no development of the record is necessary, a court may dismiss a time-barred complaint sua sponte under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim. See, e.g., Fogle v. Pierson, 435 F.3d 1252, 1258 (10th Cir. 2006).

In this case, Ostuni's claims were subject to Pennsylvania's two-year statute of limitations for personal injury actions. See Kost v. Kozakiewicz, 1 F.3d 176, 189-90 (3d Cir. 1993); Napier v. Thirty or More Unidentified Fed. Agents, Employees or Officers, 855 F.2d 1080, 1087 n.3 (3d Cir. 1988); see also 42 Pa. C.S. § 5524. Her cause of action accrued when she knew or should have known of the injury upon which her action is based. See Sameric Corp. of Delaware v. City of Philadelphia, 142 F.3d 582, 599 (3d Cir. 1998). Claims for false arrest and excessive force typically accrue on the date of the arrest or the assault, because, at that point, the plaintiff has reason to know of the injury. See Montgomery v. De Simone, 159 F.3d 120, 126 (3d Cir. 1998).

In this case, Ostuni knew or should have known of her claims of false arrest and excessive force on the night of September 4, 2009. Because she filed her complaint more than two years later, in April 2012, both claims were time-barred and subject to dismissal, notwithstanding the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994). See Wallace v. Kato, 549 U.S. 384 (2007).[4]

---

[4] We need not decide whether the District Court correctly concluded that Ostuni would be entitled to equitable tolling from December 17, 2010, to February 28, 2011- the period from when she submitted a complaint to an incorrect address to when it was returned to her by the Superior Court- because excluding this two and one-half month period does not render her action timely.

For the foregoing reasons, we modify the judgment of the District Court to dismiss the false arrest claim with prejudice, and in all other respects, we affirm the judgment of the District Court.[5]

---

[5] We conclude that the District Court properly denied Ostuni's motion for reconsideration because it did not meet the requirements under Federal Rule of Civil Procedure 59(e). <u>See</u> <u>Lazaridis v. Wehmer</u>, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam) (citation omitted).